## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ASHLEY COLEMAN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **STATE FARM MUTUAL AUTO INS.** | § | **CIVIL ACTION NO. _____** |
| **CO.** | § | |
| | § | |
| | § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff Ashley Coleman ("Plaintiff" or "Abbott"), complaining of Defendant State Farm Mutual Auto Ins. Co. ("Defendant" or "State Farm") and in support thereof shows the Court as follows:

## I.

## INTRODUCTION

1.01    Defendant State Farm wrongfully fired Plaintiff from her job in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. (the "FMLA").  Defendant also discriminated and retaliated against Plaintiff, for asserting her FMLA rights, as well as interfered with rights.

## II.

## PARTIES

2.01    Plaintiff Ashley Coleman is an individual who is a citizen of the State of Texas. Plaintiff can be contacted in care of her undersigned counsel.

2.02     Defendant State Farm Mutual Auto Ins. Co. is an insurance company doing business in Texas.   Defendant's agent for service of process in the Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.

### Jurisdiction and Venue

3.01     Pursuant to 28 U.S.C. §1331, jurisdiction lies in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, including the Family and Medical Leave Act of 1993 (the "FMLA").

3.02     Venue for Plaintiff's causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. §1391.

### IV.

### Factual Allegations

4.01     Plaintiff began working for State Farm on or about January 7, 2019 as a Claims Specialist with an annual compensation of $47,000.

4.02     Plaintiff just returned from short term disability leave on February 2, 2020 when her manager Christopher Howard ("Howard") gave Plaintiff a warning regarding her absences.

4.03     Plaintiff informed Christopher Howard that she would be contacting Cigna, the State Farm FMLA Administrator, to ensure documentation was provided to State Farm Mutual Auto Ins. Co. covering her approved FMLA intermittent leave to care for her chronically ill husband. Mr. Howard advised Plaintiff that he understood and that he would give Plaintiff some time to get approval paperwork from Cigna.

PLAINTIFF'S ORIGINAL COMPLAINT
ASHLEY COLEMAN V. STATE FARM MUTUAL AUTO INS. CO.

2

4.04    Plaintiff asked Mr. Howard if she had a deadline that she needed to work within since her doctor's office was a little hard to get an appointment with.  Mr. Howard advised Plaintiff that she did not have a specific time frame but if to keep in contact with him for any updates.  Plaintiff agreed and immediately contacted her doctor's office for an appointment and Cigna for paperwork to be sent to her doctor's office for submission.

4.05    On April 30, 2020, Cigna issued its approval of Plaintiff's application for intermittent leave from January 7, 2020 to April 27, 2020, and its statement of Plaintiff's eligibility for intermittent leave from April 28, 2020, to October 27, 2020, subject to submitting an enclosed medical certification form.  A copy of Cigna's April 30, 2020 letter is attached as **Exhibit A** hereto.

4.06    Plaintiff obtained a completed medical certification form supplied by Cigna from her doctor dated May 5, 2020.  A copy of the medical certification form is attached as **Exhibit B** hereto.

4.07    However, on May 6, 2020 Defendant terminated Plaintiff.  A copy of the termination notice is attached as **Exhibit C** hereto.  No reason was given for Plaintiff's termination, which occurred during Plaintiff's intermittent FMLA leave for which Plaintiff was eligible and for whish Plaintiff had certified the condition of obtaining a medical release.

4.08    Defendant's actions were arbitrary and capricious and constitute discrimination, interference and retaliation in violation of the FMLA.

## V.

## FIRST COUNT

## FAMILY AND MEDICAL LEAVE ACT DISCRIMINATION, INTERFERENCE AND RETALIATION

5.01     The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

5.02     When Defendant fired Plaintiff  on May 6, 2020, Plaintiff had just returned from approved FMLA leave on April 27, 2020. **Exhibit A**.  By May 5, 2020, Plaintiff had just obtained her signed medical certification, which was the only condition required for the additional 8.2 weeks of FMLA leave to which she was entitled.  **Exhibits A** and **B**. Thus, she was on FMLA qualified leave when Defendant fired her, a clear FMLA violation.

5.03     Plaintiff's termination resulted from discrimination and/or retaliation because both discrimination and retaliation were motivating factors in the termination.  Plaintiff's termination on May 6, 2020, occurred only nine (9) days after Plaintiff returned from her first FMLA leave for the period January 7, 2020 to April 27, 2020.  **Exhibit A**.  Thus, there was temporal proximity of the retaliation discharge to expiration of Plaintiff's first FMLA leave.

5.04     Plaintiff's termination was also an act of interference with Plaintiff's second FMLA leave for the period April 28, 2020 to October 27, 2020.  The interference and the filing of the second FMLA claim were related because Plaintiff had notified her manager of the fact that she was making the second filing, and was prepared to qualify for her eligible leave when Defendant fired her to interfere with the filing.

5.05     Defendant was subject to the provisions of the FMLA. Defendant employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for twenty (20) or more work weeks in the prior or current calendar year.

5.06     As a result of the interference, discrimination, retaliation and termination by Defendant, Plaintiff has suffered significant financial loss, including backpay and front pay and the

PLAINTIFF'S ORIGINAL COMPLAINT
ASHLEY COLEMAN V. STATE FARM MUTUAL AUTO INS. CO.

4

loss of benefits of her employment, including health insurance.  Plaintiff is entitled to front pay and other equitable relief.   Discrimination and retaliation were motivating factors in Plaintiff's termination.

5.07    The aforementioned acts were and are a willful violation of the FMLA, and entitle Plaintiff to recover damages as provided by 29 U.S.C. § 2617, including liquidated damages. Plaintiff further seeks reinstatement to her position or a comparable position with reinstatement of benefits and seniority time, and with appropriate injunctive relief.

5.08    As a result of Defendant's actions, Plaintiff has found it necessary to hire the services of the undersigned attorneys, for which Plaintiff seeks further relief.

## VI.

## JURY TRIAL DEMANDED

6.01    Plaintiff hereby demands trial by jury of all claims for which she is entitled to demand a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant:

(1)    Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2)    Liquidated and/or statutory damages;

(3)    Punitive/exemplary damages;

(4)    Preliminary and permanent injunctive relief reinstating Plaintiff to her position with full seniority and other benefits as if she had never been discharged;

PLAINTIFF'S ORIGINAL COMPLAINT
ASHLEY COLEMAN v. STATE FARM MUTUAL AUTO INS. CO.

5

(5)     Prejudgment and postjudgment interest at the maximum legal rate;

(6)     All costs of court;

(7)     Attorney's and expert fees; and

(8)     Such other and further relief to which Plaintiff may be justly entitled.


DATE:  January 5, 2021


                                    Respectfully Submitted,

                                    **KILGORE & KILGORE, PLLC**


                                    *W. D. Masterson*
                        By: _____
                                    W.D. Masterson
                                    SBN: 13184000
                                    wdm@kilgorelaw.com
                                    3109 Carlisle Street
                                    Dallas, Texas 75204
                                    (214) 969-9099 - Telephone
                                    (214) 953-0133 - Facsimile

                                    **ATTORNEYS FOR PLAINTIFF,**
                                    **ASHLEY COLEMAN**